UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT LEE BROWN                                                    PETITIONER

v.                                           CIVIL ACTION NO.  3:04CV-684-R

EDWARD J. GALLEGOS, WARDEN                                        RESPONDENT

## REPORT AND RECOMMENDATION

The petitioner, Robert Lee Brown, *pro se*, seeks a writ of habeas corpus under 28 U.S.C.

§ 2254 on grounds that his counsel was ineffective and his guilty plea was involuntary.  The

petitioner claims the state has violated his plea bargain by failing to enforce concurrent service

of his state and federal sentences.  The respondent, Edward J. Gallegos, Warden, defends the

petition on the merits and on the basis of the statute of limitations, § 2244(d)(1), in his answer to

the petition.  The court referred this matter to the undersigned magistrate judge pursuant to

28 U.S.C. § 636(b)(1)(A) and (B).  For reasons stated below, the magistrate judge concludes the

petition should be denied because it fails on the merits and because it is time-barred.

## I.  FINDINGS OF FACT

1)      From September to December 1992, the petitioner and two other men committed

a series of armed robberies involving a food mart, several fast food restaurants, an individual,

and employees of a bank. The crimes resulted in both state and federal indictments.

2)      The petitioner is currently serving a federal sentence arising from the armed

robbery of the bank employees.  The federal conviction, in a judgment entered February 17,

1994, followed the petitioner's guilty plea to aiding and abetting bank robbery, use of a firearm

in the commission of a crime, and car-jacking.  This court sentenced the petitioner to

imprisonment for a total of 160 months to be served *consecutively* to the state sentences he was then serving.

3)        This habeas petition challenges the state conviction (arising from two indictments), which preceded the federal conviction.  In a judgment entered August 23, 1993, the Jefferson Circuit Court convicted the petitioner on a guilty plea to seven counts of robbery in the first degree, assault in the third degree, escape in the first degree, promoting contraband, and six counts of wanton endangerment in the second degree.[1]  The state court sentenced the petitioner to 42 years, to be served *concurrently* with the anticipated federal sentence.  The petitioner did not appeal.

4)        Although he did not seek direct review of his state conviction and sentence, the petitioner later filed three, post-conviction motions in state court, as a result of the state's failure to fulfill a provision in the petitioner's plea agreement which conditioned the plea on concurrent service of the state sentence to a subsequent federal sentence.

5)        First, the petitioner filed a motion for mandamus on or about February 13, 1996 in Franklin Circuit Court.  In the motion, the petitioner requested transfer to federal confinement, essentially, to achieve concurrent service of the federal and state sentences. The court denied the motion on April 30, 1996, and the petitioner appealed.  The Commonwealth of Kentucky Court of Appeals affirmed on or about November 26, 1997.  The petitioner did not seek discretionary review in the Supreme Court of Kentucky.[2]

6)        Second, the petitioner filed a motion on or about August 9, 1996, again, to clarify

---

[1]App. at 18.

[2]Pet at 4, 6; App. at 29, 38, 63.

that the state judge intended the state sentence to run concurrently with the federal sentence.[3]

The Jefferson Circuit Court granted the motion, in part, and entered an amended judgment on

August 20, 1996.  The amended judgment states explicitly that the petitioner's state sentence is

to run concurrently with his federal sentence, as per the plea agreement.[4]  The petitioner did not

appeal, according to the Kentucky Court of Appeals.[5]  The petitioner remained in state prison

despite requests for transfer to federal custody so that, again, he might receive concurrent credit

for the federal sentence after return to state custody.

　　　　7)　　　Third, the petitioner filed a motion to vacate under Rule 11.42 of the Kentucky

Rules of Criminal Procedure, on or about September 11, 1997.[6]  The Jefferson Circuit Court held

an evidentiary hearing on the motion, and in an opinion and order dated September 16, 1999, the

state judge denied the motion.[7]  The petitioner appealed.  The Kentucky Court of Appeals

granted the petitioner relief on August 31, 2001, affirming in part and reversing in part, and

remanded the case for re-sentencing so that his sentence would conform with the plea

agreement.[8]  The Supreme Court of Kentucky denied discretionary review on August 13, 2003.[9]

On remand, the Jefferson Circuit Court entered an amended judgment of conviction on

---

[3]Pet. at 5.

[4]App. at 35.

[5]App. at 127.  However, the petitioner states he filed a notice of appeal on August 30, 1996, (Pet. at 5).

[6]App. at 72.  The petitioner states the date as September 12, 1997 (Pet at 6), and the respondent states the 11.42 motion was filed in Jefferson Circuit Court on September 22, 1997 (Resp's Mem. at 8).

[7]App. at 80.  The motion also requested transfer to federal custody, which the state court denied because such relief exceeded the court's authority.

[8]App. at 122.

[9]App. at 132.

November 26, 2003.  This second amended judgment reduced the petitioner's sentence by 160 months, the length of his federal sentence, to effectuate the concurrent-service provision of the plea agreement.[10]  The petitioner did not appeal.

8)      On June 24, 2002, the petitioner's state sentence was paroled, after serving nearly ten years, and the petitioner was transferred to federal authorities to begin serving the consecutive federal sentence.[11]

9)      The petitioner filed this federal petition by placing it in the prison mail system on or about November 23, 2004.  The district court initially transferred the petition to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas petition to an earlier petition filed under 28 U.S.C. § 2241 in October 2001.  The Sixth Circuit remanded the petition for further proceedings after concluding that the present petition should be considered as his first under § 2254.

10)     On remand, this court ordered service of process on the respondent and directed the respondent to answer the petition in conformance with the Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. following § 2254.

## II.  CONCLUSIONS OF LAW

### A.      Standard of Review

11)     The federal habeas statute, as amended in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides relief from a state conviction if, generally speaking,

---

[10]App. at 133-34.

[11]Pet. at 7.

the state court's adjudication of the claim involved an unreasonable application of federal law. 28 U.S.C. § 2254(d). However, this deferential standard is applicable only if the state has adjudicated the federal claim on the merits. Otherwise, a federal court must apply the pre-AEDPA standard to the federal claims and review questions of law de novo and questions of fact for clear error. *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

12)      The magistrate judge concludes the pre-AEDPA standard is applicable to the federal claims presented in this petition because the state appellate court based its decision on state rather than federal law. In its opinion, the Kentucky Court of Appeals stated summarily, "We agree with [the petitioner] that the plea agreement should be enforced. However, we believe the plea agreement can be enforced short of reversal by reversing the sentence only and remanding for resentencing."[12] Later in the opinion, the appellate court mentioned the federal claim (ineffective assistance of counsel) without analysis, then addressed the petitioner's "alternative claim" that the state violated the plea agreement.[13] Specifically, the appellate court relied on a state statute, which authorizes concurrent service to a *specific* federal sentence, and determined that "the trial court erred by sentencing the petitioner prior to his sentencing by the federal court."[14]

**B.      Ineffective Assistance of Counsel and Involuntary Guilty Plea**

13)      The petitioner agreed to a 42-year sentence on the condition that this state

---

[12]App. at 122.

[13]App. at 129.

[14]The Kentucky Court of Appeals quoted, "If the court does not specify that its sentence is to run concurrent with a specific federal sentence or sentence of another state, the sentence shall not run concurrent with any federal sentence or sentence of another state." KY. REV. STAT. ANN. § 532.115.

sentence would run concurrently with the future federal sentence. Later, the federal sentencing court imposed 160 months to run *consecutively* with the 42-year state sentence. Whether the petitioner's counsel failed to anticipate a consecutive federal sentence or assumed the state corrections officials would readily agree to a federal transfer, the situation was inconsistent with the concurrent-service provision in the plea agreement. Because the federal sentence was imposed consecutively, the plea agreement could be fulfilled only if the petitioner served the federal sentence first, then transferred to state custody where he could receive concurrent credit for the federal time. But the petitioner was in state custody, thus blocking any opportunity for concurrent service credit.

14)    State corrections authorities refused to transfer the petitioner to federal custody for ten years, and the state court was powerless to order a transfer or to require the federal sentence to be served first. Thus, the state was essentially "permitted to welsh on its bargain," in the words of the Kentucky Court of Appeals.[15] For its part, the appellate court decided the appropriate remedy was to re-sentence the petitioner, rather than vacate the judgment, and reduce the state sentence (42 years) by the length of the federal sentence (160 months). "The net effect would be to recognize that the federal sentence runs consecutive to the state sentence and the total sentence would be 42 years, per the plea agreement."[16]

15)    In the latest judgment of conviction, the trial court followed the directive on remand and reduced the state sentence to 28 years and eight months. The respondent argues this sentence reduction remedied the petitioner's complaint. The petitioner disagrees and specifically

---

[15]App. at 130.

[16]Id.

contends that the "net effect" does not make him whole.  Because he is forced to serve the federal sentence last, he has been deprived of the opportunity for state parole, which could have further reduced actual time served to fewer than 42 years.

16)     To claim ineffective assistance of counsel during plea negotiations, the petitioner must allege that his counsel's performance was deficient and that but for counsel's errors, there is a reasonable probability he would not have pleaded guilty.  *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

17)     In turn, a guilty plea is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances.  *Brady v. United States*, 397 U.S. 742, 748-49 (1970).  "Where the defendant was fully aware of the likely consequences when he pleaded guilty it is not unfair to expect him to live with those consequences."  *Mabry v. Johnson*, 467 U.S. 504, 511 (1984) (internal quotations omitted).  A defendant must, therefore, be aware of the maximum sentence that may imposed after entering a guilty plea.  *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991).

18)     There is no dispute, under the terms of the plea agreement, that the petitioner had clear notice the maximum sentence would be 42 years.  As a result of the state's sentence reduction, the petitioner is now serving a 42-year equivalent of concurrent federal and state sentences, although without the possibility of an overall shortened term through state parole.  Therefore, the pivotal issue is whether losing the expectation of state parole, as articulated by the petitioner, is sufficient to claim that his plea was unknowing and involuntary as a result of ineffective assistance of counsel.  The magistrate judge concludes the petitioner cannot sustain this claim.

19)     A defendant's eligibility for parole is inherently imprecise, and any misunder-

standing about the likelihood of parole, therefore, is not evidence that the defendant entered a

plea unknowingly.  *McAdoo v. Elo*, 365 F.3d 487, 495 (2004) (citing *Hill v. Lockhart*, 474 U.S.

52, 56 (1985)).  The petitioner does not contend counsel affirmatively misinformed him about

the possibility of state parole.[17]  Rather, the petitioner's complaint is that his counsel

recommended a concurrent sentence that was impossible to fulfill.  This claim is no longer

viable.  Although it required a collateral remedy, the petitioner obtained enforcement of the plea

agreement through a reduced sentence.

20)     Therefore, the magistrate judge concludes the petitioner cannot sustain a claim

that his counsel was ineffective or that his plea was involuntary because the sentence reduction,

which was ordered on state collateral review, enforces the plea agreement by effectively

imposing a total term of incarceration, whether in federal or state custody, within the 42-year

provision of the plea agreement.

## C.     Statute of Limitations

21)     State prisoners must seek federal habeas corpus relief, as a general rule, within a

one-year limitation period set forth in the AEDPA .  "The limitation period shall run from ... the

date on which the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review."  28 U.S.C. § 2244(d)(1) (providing that other circumstances

may trigger the clock at a later date, none of which are applicable here).  If a challenged state

conviction became final before the AEDPA's effective date, April 24, 1996, the Court of

Appeals for the Sixth Circuit has interpreted the AEDPA as providing a one-year grace period, to

---

[17]Pet. at 10, 18-19,

April 24, 1997, for filing a § 2254 petition.  *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002).

22)   Even after the one-year limitation period begins to run, certain post-conviction proceedings in state court will toll the statute.  Specifically, the habeas statute states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  § 2244(d)(2).  As the appellate court of this judicial circuit explained, "The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)).

23)   The state court entered a judgment of conviction and sentence in the petitioner's case on August 23, 1993.  The petitioner did not seek direct review of the conviction.  Thus, the petitioner's conviction became final on or about September 23, 1993, after the time for filing a notice of appeal (30 days from a final judgment) expired.  *See* KY. R. CR. PROC. 12.04(3).

24)   Because the petitioner's conviction became final before the effective date of the AEDPA, the deadline for filing a habeas petition under § 2254 was April 24, 1997.  The question then arises whether the grace period was tolled while the petitioner sought collateral review in state court.

25)   The petitioner had two post-conviction motions pending in state court during the one-year grace period:  1) the appeal of the denial of the motion for mandamus was filed in February 1996, remained pending on April 24, 1997, and was affirmed in the Kentucky Court of

Appeals on or about November 26, 1997; and 2) the motion for clarification was filed on August 9, 1996, and ran its course with the entry of an amended judgment on August 20, 1996.

26)     Thus, the petitioner's one-year grace period was tolled from the outset and did not begin to run until sometime after the amended judgment was entered on August 20, 1996.  The petitioner's federal filing under § 2241 in October 2001 had no tolling effect on the grace period, pursuant to the terms of § 2244(d)(2).  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001); *Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005).  Because the petitioner did not appeal, the amended judgment became final on or about September 20, 1997, or 30 days after its entry.  *See* KY. R. CR. PROC. 12.04.  The one-year grace period began to run on this date.

27)     Less than one year later, on September 11, 1997, the petitioner filed another state, post-conviction motion, and the nine days remaining of the one-year grace period was tolled again.  The tolling stopped with the finality of the November 26, 2003 judgment, again, 30 days later, which is on or about December 26, 2003.  The petitioner filed this federal petition in November 2004, clearly after the nine days remaining of the grace period had expired.

28)     Therefore, the magistrate judge concludes the petition is time-barred.  The petitioner is skeptical the respondent is just now asserting the time-bar defense and argues respondent's "oversight" is further frustration of the petitioner's plea agreement.  The magistrate judge observes, however, that the early stages of this litigation, through preliminary review under the Rules Governing § 2254 Cases in the United States District Courts, proceeded before the respondent was actually required to enter an appearance and defend the petition.  Once service of process was effected and the respondent filed an answer, the respondent was then procedurally entitled to raise the statute of limitations defense.

-10-

29)     Despite the statutory time-bar to this petition, the district court must consider, nevertheless, whether the petitioner's circumstances warrant equitably tolling the one-year grace period.  To equitably toll the one-year limitation period, the petitioner must show that he has pursued his rights diligently and that extraordinary circumstances impeded his efforts.  *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *see also Griffin v. Rogers*, 399 F.3d 647, 653 (6th Cir. 2005) (stating the applicant bears the burden of demonstrating entitlement to equitable tolling); *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (setting forth additional factors such as the petitioner's lack of notice of the filing requirement, absence of prejudice to the respondent, and the petitioner's reasonableness in remaining ignorant of the filing requirement).  Moreover, the Sixth Circuit has cautioned that equitable tolling should "applied sparingly." *Dunlap,* at 1008.

30)     The petitioner asserts he has pursued his rights diligently over the decade of his state sentence, although the circumstances at issue specifically are those for the period during which the statutory tolling ended, specifically, the months in 2004 between the second amended judgment and the filing of this petition in November 2004.  In his response to the respondent, the petitioner provides no specific events or circumstances which caused the delay in filing this federal petition.  Simply put, the petitioner can point to no extraordinary circumstances, other than what he believes is an injustice arising from his original state sentence.

31)     The magistrate judge concludes the petitioner's circumstances are not so unusual or extraordinary, although understandably frustrating to laypersons navigating habeas procedure, as to support equitably tolling the grace period in this case.

### III.  RECOMMENDATION

The magistrate judge recommends denying the petition on two independent grounds: 1)  for failure to state a viable claim that the petitioner's counsel was ineffective or that the petitioner's guilty plea was not voluntary; and 2)  for failure to file with the statute of limitations, § 2244(d)(1), or under circumstances that warrant equitable tolling.

### IV.  CERTIFICATE OF APPEALABILITY

If the district court agrees with the magistrate judge's recommendation in this matter, it must determine whether a certification of appealability should issue.  Before seeking an appeal, 28 U.S.C. § 2253 requires a habeas petitioner to make a substantial showing of the denial of a constitutional right.  This does not require a showing that the appeal will succeed.  *Slack v. McDaniel*, 529 U.S. 473 (2000).  Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review.  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The magistrate judge concludes no reasonable jurist could find debatable the conclusion that the petition is time-barred and that the circumstances do not warrant equitably tolling the one-year limitation period.  The magistrate judge further concludes no reasonable jurist could find debatable the conclusion that the petitioner cannot sustain the federal claims that his counsel was ineffective or that his plea was involuntary because the sentence reduction, which was ordered on state collateral review, enforces the plea agreement by effectively imposing a total term of incarceration, whether in

-12-

federal or state custody, within the 42-year provision of the plea agreement.

Therefore, the magistrate judge recommends denying a certificate of appealability.

DATE:   September 9, 2009

*James D. Moyer*

**James D. Moyer**
**United States Magistrate Judge**

cc:  Counsel of Record

## NOTICE

Within ten (10) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived.  *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C).  A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.