UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ROBERT L. BROWN**

**V.**                                                            CIVIL ACTION NO.
                                                                   3:04CV684 - J

**EDWARD J. GALLEGOS, Warden**

MEMORANDUM OPINION

This case presents plaintiff Robert Brown's claim, pursuant to 28 U.S.C. Sec. 2254, that he is incarcerated in violation of the Constitution and laws of the United States. The Court referred the case to the United States Magistrate Judge, who has prepared a Report and Recommendation. The matter is now before the undersigned for review of Mr. Brown's objections to that Report and Recommendation.

As a result of several instances of armed robbery, Mr. Brown faced prosecution on both federal and state charges. In the summer of 1993, after a plea of guilty to state charges of robbery, assault, escape, promoting contraband, and wanton endangerment, the state court sentenced Mr. Brown to serve 42 years *concurrent* to the anticipated federal sentence. In early 1994, after a plea of guilty to federal charges of aiding and abetting bank robbery, use of a firearm in the commission of a crime and car-jacking, the federal court sentenced Mr. Brown to serve 160 months *consecutive* to the state sentences he was then serving.

In order to achieve the effect of concurrent sentencing, Mr. Brown requested that the state court transfer him to federal custody. The state court denied his request, and the denial was affirmed on appeal. Subsequently, on November 26, 2003, Mr. Brown was resentenced in state court. His sentence was reduced by the 160 months of his federal sentence (i.e., reducing the

1

state sentence from 42 years to 28 2/3 years). Mr. Brown filed this action in November of 2004.

The Magistrate Judge concluded that the petition was time-barred. Walking through the several post-conviction proceedings that tolled the running of the statute of limitations, the Magistrate Judge calculated that the deadline for the Sec. 2254 filing ran on December 26, 2003. This action was not filed until almost an entire year thereafter. Mr. Brown objects that it would be unfair to hold him to a lawyer's understanding of the starting and stopping of the running of the statute of limitations, and he points out that he filed this action within one year of his November 26, 2003 state court resentencing. This court agrees and concludes that his action pursuant to 28 U.S.C. Sec. 2254 was timely filed.

In the alternative, the Magistrate Judge recommended a determination that Mr. Brown's constitutional rights have not been violated. The Magistrate Judge observed that there is no dispute concerning Mr. Brown's understanding that his maximum state sentence would be 42 years. After the reduction in the state sentence, Mr. Brown is serving a sentence of 42 years (the state sentence plus the federal sentence). Thus, the only question is whether it could be said that the *manner* of service (i.e., 42 years in state custody versus 42 years in state plus federal custody) violated Mr. Brown's federal rights. The Magistrate Judge noted Mr. Brown's concern that the manner of service has deprived him of the opportunity for state parole but concluded that Mr. Brown's losing that expectation did not prevent his guilty plea from being considered knowing and voluntary.

In order to be considered to have entered a voluntary and knowing plea, a defendant must have "sufficient awareness of the relevant circumstances and likely consequences" of his plea. Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). A guilty plea

must be accompanied by "an affirmative showing that it was intelligent and voluntary." Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

It is well established that a misunderstanding concerning the likelihood of parole does not constitute evidence of an involuntary plea. McAdoo v. Elo, 365 F.3d 487, 495 (6th Cir. 2004), citing James v. Cain, 56 F.3d 662, 666 (5th Cir.1995) ("The United States Constitution does not require the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary."). Mr. Brown objects, however, that whether he receives or does not receive state parole, "the state still welched on its agreement." Objections at page 1. He contends that he "never got what he bargained for." Id. The Court concludes, however, that the United States Magistrate Judge's Recommendation is correct: Petitioner *did* ultimately receive precisely what he bargained for, i.e., a total sentence of 42 years, rather than a total sentence of 55 1/3 years.

An judgment in conformity has this day entered.

3